UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

ANKIT ANKIT,

              Petitioner,

        v.

MARKWAYNE MULLIN, et al.,

              Respondents.

No. 5:26-cv-01706-JDE

ORDER REGARDING PETITION

## I.

## PROCEEDINGS

On April 8, 2026, Ankit Ankit ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). Petitioner contends his detention violates his procedural due process rights (Count One), the Immigration and Nationality Act ("INA") (Count Two), and bond regulations, 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count Three). As for relief, Petitioner seeks his immediate release and an injunction enjoining Respondents from re-detaining him during his removal proceedings absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that Petitioner is a flight risk or danger

to the community and that no alternatives to detention would mitigate those risks, or alternatively, an individualized bond hearing before an impartial immigration judge within seven days with the government bearing the burden of proof by clear and convincing evidence, with consideration of alternatives to detention and financial ability to pay; a declaration that the re-detention of Petitioner while removal proceedings are ongoing without first providing an individualized determination before a neutral decision maker violates the Due Process Clause; a declaration that denying Petitioner a bond hearing under § 1226(a) and asserting he is subject to mandatory detention under § 1225(b)(2) violates Petitioner's statutory rights under INA; a declaration that the application of § 1225(b)(2) pursuant to Matter of Yajure Hurtado to Petitioner unlawfully mandates his continued detention and violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19; and attorney fees and costs. Id. at 21-22. On April 15, 2026, Respondents filed a one-page Answer to the Petition. Dkt. 8 ("Ans."). Respondents do not substantively address the Petition; instead, they contend Petitioner appears to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista"). Petitioner filed a Traverse on April 16, 2026. Dkt. 9.

　　　　For the reasons discussed below, the Court grants the Petition in part.

## II.

## BACKGROUND

　　　　Petitioner, a noncitizen from India, entered the United States on about December 30, 2022. Pet. ¶ 22. He was detained and released on parole on about January 1, 2023. Petitioner timely filed for asylum, completed check-ins with Immigration and Customs Enforcement ("ICE"), wore GPS monitoring devices, and completed the other conditions of release. Id. ¶¶ 2, 23. He has no criminal history. Id. ¶ 24. In late March or early April, 2026, he appeared for his ICE check-in appointment, at which he was detained. Pet. ¶ 24. Prior to his

re-detention, Petitioner did not receive any written notice of the reason for his re-detention, was not afforded a meaningful opportunity to be heard, was not provided a hearing before a neutral decisionmaker, and no assessment was made regarding whether he presented a flight risk, danger to the community, or whether his re-arrest was justified for some other reason. Id. ¶¶ 25-27, 59. Respondents asserted Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), thereby denying him access to a bond hearing. Id. ¶¶ 63-64. Petitioner remains in custody. Id. ¶ 24.

### III.
### DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

**A.     Count One—Due Process Violation**

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted).  The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures

used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

Here, Petitioner contends, among other things, that his procedural due process rights were violated because Respondents revoked his release and deprived him of his liberty without providing written notice and a meaningful opportunity to be heard by a neutral decisionmaker prior to his re-detention. Pet. ¶ 59. Respondents do not dispute this in their Answer. They wholly fail to address Petitioner's claim that his re-detention without notice or an opportunity to respond violates his due process rights. Nor do they provide any basis for why they re-detained him. Instead, without explanation, Respondents contend that Petitioner appears to be a member of the Bond Eligible Class in Bautista, and to the extent he would be entitled to any remedy, at most, it would be a bond hearing under Section 1226(a). Ans. at 2.

As an initial matter, the Court finds Bautista is inapplicable. Bautista concerned noncitizens who the government treated as "applicants for admission" and categorically denied bond under Section 1225(b). See Bautista, Dkt. 93. Here, by contrast, Petitioner was previously released. He has been subject to conditional parole for the past three years and challenges his re-detention. Petitioner's status appears categorically different from the situation at issue in Bautista.

On the merits of Count One of the Petition, the Court finds Petitioner's due process rights were violated in his detention. First, Petitioner has a significant liberty interest in being out of custody under his conditional parole. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D.

4

Cal. 2025). "Although the initial decision to detain or release an individual may be within the government's discretion, 'the government's decision to release an individual from custody creates "an implicit promise," upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions of release.'" Faizyan v. Casey, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (alterations in original) (quoting Pinchi, 792 F. Supp. 3d at 1032); see also Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). Thus, "after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." Salazar v. Casey, 2025 WL 3063629, at *3 (S.D. Cal. Nov. 3, 2025) (quoting Pinchi, 792 F. Supp. 3d at 1032).

        "Second, the risk of an erroneous deprivation of such interest is high as Petitioner's parole was revoked without . . . giving [him] an opportunity to be heard." Faizyan, 2025 WL 3208844, at *7 (alterations in original) (quoting Salazar, 2025 WL 3063629, at *4); see also Singh v. Andrews, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (finding the risk of an erroneous deprivation of liberty was high where the petitioner had not received any bond or custody re-determination hearing). Under the circumstances here, "[c]ivil immigration detention is permissible only to prevent flight or protect against danger to the community." Pinchi, 792 F. Supp. 3d at 1035. There is no evidence that Petitioner's detention would serve either purpose. "Since the Department of Homeland Security's "initial determination that Petitioner should be paroled because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed." Salazar, 2025 WL 3063629, at *4 (citing Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not

5

a danger to the community or a flight risk.")). Respondents have presented no evidence showing any material circumstances have changed warranting reconsideration of Petitioner's parole. The risk of an erroneous deprivation of liberty is high because Petitioner received no hearing before this detention and thus, neither the government nor Petitioner has had an opportunity to determine whether there is a valid basis for his re-detention. Salazar, 2025 WL 3063629, at *4 (citing Pinchi, 792 F. Supp. 3d at 1035).

Third, Respondents' interest in detaining Petitioner without a hearing is low. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); Pinchi, 792 F. Supp. 3d at 1036 ("Detention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest.").

As such, the Court finds the revocation of Petitioner's conditional parole deprived him of his due process rights and his detention at this time is unlawful. Faizyan, 2025 WL 3208844, at *7; Salazar, 2025 WL 3063629, at *5. Despite an opportunity to brief the issue and provide any basis for their decision to re-detain Petitioner, Respondents have offered no basis for his re-detention. As such, the Court finds immediate release is warranted. See Faizyan, 2025 WL 3208844, at *7-8; Salazar, 2025 WL 3063629, at *6.

**B.    The Remainder of the Petition**

Having granted relief on Count One of the Petition and ordered Petitioner's immediate release, with respect to other grounds and other relief sought by Petitioner, including an injunction prohibiting re-detention absent satisfaction of certain conditions and a declaration that any re-detention of Petitioner during removal proceedings violates the Due Process Clause, as

explained below, the Court finds that the relief sought thereunder is either moot as a result of the release order entered herein or does not raise a justiciable case or controversy.

"Article III of the Constitution limits the jurisdiction of federal courts to 'actual, ongoing cases or controversies.'" United States v. Yepez, 108 F.4th 1093, 1099 (9th Cir.) (citation omitted), cert denied, 145 S. Ct. 459 (2024). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citation omitted). This may occur when interim relief deprives the Court of the ability to redress the party's injuries. See United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987). "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007). "Collateral consequences 'create concrete legal disadvantages.'" Alam v. Carter, 843 F. App'x 953, 954 (9th Cir. 2021) (citation omitted). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Abdala, 488 F.3d at 1064.

Here, the crux of the Petition was that Petitioner was unlawfully re-detained in violation of his due process rights and the INA. The primary substantive relief Petitioner sought was his release from custody. Petitioner received that relief. Petitioner has not alleged any specific collateral consequences that would be redressed by any other relief sought in the Petition. That Petitioner may be re-detained is speculative and hypothetical, and the Court cannot adjudicate a hypothetical future injury without a factual

record. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("federal courts may adjudicate only actual, ongoing cases or controversies"); Garcia v. Warden, 2026 WL 483205, at *2-3 (C.D. Cal. Feb. 20, 2026) (dismissing petition as moot where petitioner was released and finding prospect of future re-detention was speculative and hypothetical). Petitioner's request for future injunctive relief does not present a justiciable live controversy here.

Separately, Petitioner's request for declaratory relief is moot. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Vill., Cal., 333 U.S. 426, 431 (1948). Like other judgments, a declaratory judgment settles a dispute "which affects the behavior of the defendant towards the plaintiff." See Rhodes v. Stewart, 488 U.S. 1, 4 (1988) (per curiam) (emphasis omitted) (citation omitted). Thus, "a declaratory relief claim is moot if the relief would not affect the behavior of the defendant toward the plaintiff." Robert v. Austin, 72 F.4th 1160, 1164 (10th Cir. 2023) (citation omitted). Here, a declaration that Petitioner's prior detention is unlawful would not affect Respondents' behavior toward Petitioner now as he has already been ordered released and the Court finds the exceptions to mootness are not applicable here. See Castellano v. U.S. Dep't of Homeland Sec., 2026 W 472732, at *4 (D. Colo. Feb. 19, 2026); A.N.M.L. v. Garland, 2021 WL 1853577, at *2 (S.D. Cal. May 10, 2021) (finding request for declaratory relief moot where the petitioner was released from custody); Urdaneta v. Keeton, 2020 WL 2319980, at *8 (D. Ariz. May 11, 2020) (concluding claims for declaratory relief were moot where the petitioners were released from custody). As such, relief beyond immediate release sought in the Petition is denied without prejudice.

IT IS THEREFORE ORDERED that Judgment be entered GRANTING the Petition as to Count One with Respondents ORDERED to

immediately release Petitioner from custody subject to the conditions of his preexisting parole, and DISMISSING the Petition all other respects without prejudice.

Dated: April 16, 2026 _____                    _____
                                                    JOHN D. EARLY
                                                    United States Magistrate Judge